```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

DANEA MARIE FEASTER,

     Plaintiff,

v.                                    Case No. 8:23-cv-2122-VMC-MCR

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

     Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. # 14), entered on January 9, 2025, recommending that the decision of the Commissioner of Social Security denying benefits be reversed and the matter remanded for further proceedings.

As of this date, neither party has filed an objection to the Report and Recommendation, and the time for the parties to file such objections has elapsed.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v.

1

Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 14) is **ACCEPTED** and **ADOPTED.**

(2) The decision of the Commissioner of Social Security is **REVERSED** and the matter is **REMANDED** for further consideration as discussed in the Report and Recommendation.

2

(3) Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. See <u>In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)</u>, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

(4) The Clerk is directed to enter judgment accordingly and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of January, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4